UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELSON DEBARROS, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 15-14248-FDS |
| AREAS USA BOSTON, LLC, ) | |
| Defendant. ) | |

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM ORDER AND
REQUEST FOR LEAVE TO SERVE MICHAEL FRANK AND DEFENDANT'S
CROSS-MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

**SAYLOR, J.**

This is an employment discrimination action. In 2013, plaintiff Elson DeBarros was terminated from his position as a line and prep cook at Areas USA, LLC. The complaint alleges three claims for disability discrimination and retaliation arising under the Americans with Disabilities Act against Areas USA and his former supervisor, Michael Frank. (Compl. at 16).

Pending before the court are (1) plaintiff's motion for relief from the settlement order of dismissal and request for leave to serve Michael Frank, and (2) defendant's cross-motion to enforce the settlement agreement.

**I.     Plaintiff's Motion for Relief from the Settlement Order of Dismissal and Defendant's Cross-Motion for Enforcement of the Settlement Agreement**

On January 9, 2017, the Court referred this matter for an alternative dispute resolution hearing. On March 13, 2017, the parties participated in a mediation facilitated by Senior District Judge Edward F. Harrington. Plaintiff was present at the mediation and was represented by

counsel.  Following the mediation, Judge Harrington reported to the Court that the case had settled.  On March 15, 2017, the Court entered a settlement order of dismissal.[1]

On April 14, 2017, plaintiff filed a *pro se* motion for relief from that order.  Areas USA opposes plaintiff's motion and has cross-moved to enforce the settlement agreement.

At the hearing on these motions, plaintiff argued that he should not be required to honor the settlement agreement because the proposed amount is insufficient to cover his damages.  However, "[d]efeated expectations" as to the amount of recovery "do not . . . entitle [a] litigant to repudiate commitments made to opposing parties or to the court." *Petition of Mal de Mer Fisheries, Inc.*, 884 F. Supp. 635, 640 (D. Mass. 1995) (quoting *Petty v. Timken Corp.,* 849 F.2d 130, 133 (4th Cir. 1988)).  There is no evidence that plaintiff was under duress during the mediation, that he was fraudulently induced to agree to a settlement, or that the mediation process was otherwise defective.  *See Massey v. Stop & Shop Companies, Inc.*, 1998 Mass. App. Div. 117 (Dist. Ct. 1998).  The fact that the settlement is less than plaintiff hoped to recover does not justify relief from an otherwise valid agreement.

Nor, as plaintiff contends, should the fact that there is no document memorializing the agreement render the settlement unenforceable.  Under Massachusetts law, "an enforceable settlement agreement arises when all of the parties to be bound mutually assent to all material terms, even if those terms are not memorialized in a final writing." *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 962 F. Supp. 2d 311, 314 (D. Mass. 2013); *Petition of Mal de Mer Fisheries, Inc.*, 884 F. Supp. at 641.  Judge Harrington's report of settlement indicates plaintiff's intent to be bound to an agreement reached at the mediation.  Plaintiff does not seriously dispute this.  Instead, at the hearing on these motions he stated that after reaching

---

[1] That order contains a typographical error identifying Judge Casper as the judge who entered the order.  In fact, the settlement order of dismissal was entered by the undersigned judge.  (Docket No. 39).

the agreement he "[went] home and ma[d]e a final account" and determined that the amount "only goes for attorney's fees basically." Although the parties agree that the settlement would be paid to plaintiff, rather than his attorney, plaintiff contends that he is contractually obligated to make certain payments to counsel. Taking plaintiff's claims at the hearing as true and drawing all inferences in his favor, there is no genuine issue that a settlement agreement was reached at the mediation. Therefore, the settlement agreement is enforceable in the amount agreed upon in exchange for a release of claims.

Plaintiff further contends that his attorney did not adequately represent his interests in the mediation and concerning other aspects of this case. Such contentions do not undermine the enforceability of the agreement he reached. The Court has not been asked to consider and takes no position as to whether plaintiff has a separate claim for legal malpractice against his attorney.

Accordingly, plaintiff's motion for relief from the settlement order of dismissal will be denied, and the cross-motion for enforcement of the settlement agreement filed by Areas USA will be granted.

## II.     Plaintiff's Motion for Leave to Serve Michael Frank

Plaintiff filed the complaint in this action on December 30, 2015, naming both Areas USA and Michael Frank as defendants. Plaintiff timely served a summons and copy of the complaint on Areas USA, but did not serve process on Frank. On April 14, 2017, he filed the present motion seeking leave to serve Frank with the summons and complaint.

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, if a plaintiff shows good cause for failing to serve a defendant within

90 days, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  More than a year has passed since plaintiff filed the complaint in this action.  He now contends that his failure to serve Frank is due to his former attorney's inability to find that defendant's address.  However, he has not shown, as he must, that he was diligent in attempting to effect service during that period.  *See Martello v. United States*, 133 F. Supp. 3d 338, 344–45 (D. Mass. 2015).  In any event, plaintiff's motion would be futile.  There is no individual liability under Title I of the Americans with Disabilities Act.  *See Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 52 (1st Cir. 2011).  Therefore, no plausible claim upon which relief can be granted is pleaded in the complaint against Frank.

Accordingly, the motion for leave to serve Michael Frank will be denied.

### III.   Conclusion

Plaintiff's motion for relief from the settlement order of dismissal and request for leave to serve Michael Frank is DENIED.  Defendant's motion for enforcement of the settlement agreement is GRANTED.

**So Ordered.**

Dated: July 25, 2017

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge